1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE MEDINA CAMACHO, on behalf of himself and all others similarly situated, | No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| PEOPLECONNECT, INC., a Delaware corporation, and TRUTHFINDER, LLC, a Delaware limited liability company, | JURY DEMAND |
| Defendants. | |

Plaintiff Jose Medina Camacho brings this Class Action Complaint against Defendants PeopleConnect, Inc. and TruthFinder, LLC to put an end to their unlawful practice of using the names and identities of Alabama residents without their consent in order to promote their services. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his own attorneys.

## NATURE OF THE ACTION

1.      Defendants operate truthfinder.com, a website that purports to sell access to a database containing proprietary "detailed reports" about people to anybody willing to pay for a monthly subscription.

2.      To market their services, Defendants encourage consumers to perform a free "people search" on their website. When consumers perform a free search for an individual—by typing the individual's first and last name into the search bar—Defendants display webpages

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

featuring the searched individual's full name alongside certain uniquely identifying information, including age, location, and names of relatives. The purpose of these pages is twofold: first, they show potential customers that Defendants' database contains detailed reports for the *specific* individual they searched for and represent that the detailed report contains much more information about the individual than the "free" report, and second, they offer to sell them a paid subscription to their services, where they can access detailed reports about *anybody* in their database. In other words, Defendants do not offer to sell detailed reports about the individuals searched on their websites, but rather, use their identities to sell subscriptions to Defendants' paid services.

3. Unsurprisingly, the people appearing in these advertisements never provided Defendants with their consent (written or otherwise) to use their identities for any reason, let alone for Defendants' own marketing and commercial purposes.

4. Accordingly, Defendants violated—and continue to violate—the Alabama Right of Publicity Act ("ARPA") Ala. Code § 6-5-770, *et seq*. by using the full names and other aspects of the identities of Alabama residents in Defendants' advertisements and marketing strategy without consent and for Defendants' commercial gain.

## PARTIES

5. Plaintiff Jose Medina Camacho is a natural person and a resident of the State of Alabama.

6. Defendant PeopleConnect, Inc., is a corporation existing under the laws of the State of Delaware with its principal place of business located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101.

7. Defendant TruthFinder, LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business also located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101.

CLASS ACTION COMPLAINT – Page 2
USDC WD WA NO. _____

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**JURISDICTION AND VENUE**

8.      This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 members of the Class, defined below, many of which are citizens of a different state than Defendants. Defendants are citizens of Washington, where they maintain their principal place of business.

9.      The Western District of Washington has personal jurisdiction over Defendants because Defendants are headquartered within this District and conduct substantial business in this District.

10.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants are headquartered and reside in this District, their senior officers are located in this District, and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

**COMMON FACTUAL ALLEGATIONS**

***The Alabama Right of Publicity Act***

11.     In 2015, the Alabama Legislature recognized that every person has the "right of publicity in any indicia or identity," Ala. Code § 6-5-772, and as a result, passed the ARPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

12.     The Act protects individuals from the unauthorized use of any of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, voices, or a substantially similar limitation of one or more of those attributes in the sale or advertisement of products, goods, merchandise, and services.

13.     In fact, the ARPA states that, "any person or entity who uses or causes the use of the indicia of identity of a person . . . for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services . . . without consent shall be liable under this article to that person, or to a holder of that person's rights." Ala. Code § 6-5-772.

CLASS ACTION COMPLAINT – Page 3
USDC WD WA NO. _____

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

14.     Notably, the ARPA provides a right of publicity "in any indicia of identity . . . whether or not famous," Ala. Code § 6-5-771(3), as well as liability for persons or entities "who wrongfully use another person's indicia of identity whether or not for profit." Ala. Code § 6-5-774.

***Defendants Use Individuals' Identities Names to Promote Their Paid Subscription Service.***

15.     On information and belief, PeopleConnect operates four "people search" websites: TruthFinder, Intelius, Instant Checkmate, and US Search (together, the "People Search Websites"). PeopleConnect designed each of the People Search Websites to operate in a substantially similar way: to misappropriate consumers' identities for its own commercial gain by using Plaintiff's and the Class's identities in conjunction with an offer to purchase a paid subscription to access its database—entirely without their knowledge or consent.

16.     On information and belief, PeopleConnect creates and controls the marketing and advertising of all the People Search Websites, including the nearly-identical Marketing Page solicitations at issue in this case. PeopleConnect also controls many other operational aspects of each of the People Search Websites, including by requiring each company to use customer agreements created by PeopleConnect, and by providing coordinated customer service support for each company.

17.     The People Search Website at issue here is Truthfinder.com, a website that sells access to comprehensive background reports "on just about anyone." The reports are compiled in part from databases and public record repositories.

18.     Subscriptions that let users access TruthFinder reports must be purchased from its website and may include high value information including, *inter alia*, the individual's address, birth date, marriage records, and criminal history.

CLASS ACTION COMPLAINT – Page 4
USDC WD WA NO. _____

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

19.     As shown in Figure 1 below, when a consumer visits Truthfinder.com and searches for an individual by using his or her first and last name, Truthfinder.com displays a list of the individuals found within its records that have the same name, alongside certain uniquely identifying information such as each individual's current age, location, and names of their immediate family members (the "TruthFinder Marketing Page").



(**Figure 1.**)

20.     Once a consumer selects an individual (by clicking "Open Report") from the TruthFinder Marketing Page, TruthFinder displays a checkout page with an offer to purchase a subscription to the website: a 5-day trial costing $1.00 with access to unlimited reports, with a monthly subscription costing $29.89 per month thereafter. *See* Figure 2.



(**Figure 2.**)

21.     While a consumer may visit Truthfinder.com to search and potentially obtain information on one specific individual, TruthFinder ultimately offers for sale an entirely different product. TruthFinder is not offering for sale only the information on the searched individual. Instead, TruthFinder is offering for sale a monthly subscription service that grants the purchaser

CLASS ACTION COMPLAINT – Page 5
USDC WD WA NO. _____

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

unlimited access to background reports on anybody in its database. The searched-for individual's report is a small part of a large database with reports on millions of people.

22.     In this way, TruthFinder misappropriated people's identities (individuals' names and other identifying information such as their age, location, and known relatives) for its own commercial benefit (i.e., to market and promote a monthly subscription to access unlimited reports on individuals in its database).

23.     Most importantly, TruthFinder never obtained written consent from Plaintiff and Class members to use their names for any reason, let alone for commercial purposes. Defendants never notified Plaintiff and Class members that their names would appear on the TruthFinder Marketing Page in conjunction with an offer to purchase subscription access to its database of reports. Moreover, Plaintiff and the Class members have no relationship with PeopleConnect and TruthFinder whatsoever.

24.     Accordingly, Plaintiff, on behalf of himself and other similarly situated Alabama residents, brings this action against Defendants for their ongoing violations of the ARPA, and seeks (1) injunctive relief requiring Defendants to cease using Alabama residents' identities for commercial purposes, including on any Marketing Pages, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of individuals' names, or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF JOSE MEDINA CAMACHO

25.     Plaintiff Jose Medina Camacho discovered that Defendants were using his identity to solicit the purchase of paid subscriptions to their various websites.

26.     Defendants specifically identified Plaintiff by his full name, age, location, and names of immediate family members on the TruthFinder Marketing Page. *See* Figure 1.

27.     Plaintiff never provided Defendants with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized Defendants to use his identity to promote any of their products or services.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

28.     Plaintiff is not and has never been a customer of any of Defendants' websites. In fact, he has no relationship with PeopleConnect or TruthFinder whatsoever.

## CLASS ALLEGATIONS

29.     **Class Definition**: Plaintiff Jose Medina Camacho brings this action on behalf of himself and a Class (referred to as the "Class," unless otherwise stated) defined as follows:

> All Alabama residents (1) whose identities were displayed on the TruthFinder Marketing Page and (2) who have never purchased any products or services on Truthfinder.com.

30.     Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Members of the Class can be identified through Defendants' records.

32.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a.   Whether Defendants used Plaintiff's and Class members' names and identities for a commercial purpose;

b.   Whether Plaintiff and members of the Class provided their written consent to Defendants to use their names and identities in advertisements;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

c.   Whether the conduct described herein constitutes a violation of the ARPA; and

d.   Whether Plaintiff and the members of the Class are entitled to injunctive relief.

33.   **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct.

34.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defense unique to Plaintiff.

35.   **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

36.   **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the Alabama Right of Publicity Act, Ala. Code § 6-5-770 *et seq.*
### (On behalf of Plaintiff and the Class)

37.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.     The ARPA prohibits using a person's name, image, or likeness for the purpose of advertising or promoting products, merchandise, goods or services without consent. *See* Ala. Code § 6-5-772.

39.     Defendants sell subscription-based access to their databases containing detailed reports about people.

40.     As described above, to promote those reports, Defendants used Plaintiff's and the putative class members' identities on their various Marketing Pages, which display the individuals found within its records that match the searched name, alongside uniquely identifying information such as each person's current age, location, and names of their immediate family members. This information serves to identify the individual and demonstrate that there are detailed reports in their databases for the person they searched for.

41.     The Marketing Pages have a commercial purpose in that they promote the Defendants' website and encourage potential customers to purchase paid subscriptions to access reports in their database.

42.     Plaintiff and the members of the Class never provided Defendants with their consent to use their identities in Defendants' advertisements.

43.     Defendants deprived Plaintiff and the Class members of control over whether and how their names can be used for commercial purposes.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

44.     Based upon Defendants' violation of the ARPA, Plaintiff and the members of the Class are entitled to (1) an injunction requiring Defendants to cease using Plaintiff's and Class members' names and any attributes of their identities to advertise their products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $5,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose Medina Camacho, individually and on behalf of the Class, prays that the Court enter an Order:

A.      Certifying this case as a class action defined above, appointing Jose Medina Camacho as Class Representative, and appointing his counsel as Class Counsel;

B.      Declaring that Defendants' actions described herein constitute a violation of the ARPA;

C.      Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

D.      Awarding the greater of actual damages, including the profits derived from the wrongful and unlawful acts described herein, or statutory damages in the amount of $5,000 per violation, to the members of the Class;

E.      Awarding punitive damages where applicable;

F.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G.      Awarding Plaintiff and the Class pre- and post-judgment interest; and

H.      Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff individually and on behalf of the Class, demands a trial by jury for all issues so triable.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

DATED this 11th day of August, 2021.

Respectfully submitted,

**JOSE MEDINA CAMACHO**, individually and on behalf of all others similarly situated,

By: *s/ Kim D. Stephens*
 Kim D. Stephens, WSBA #11984

By: *s/ Cecily C. Shiel*
 Cecily C. Shiel, WSBA #50061

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: (206) 682-5600
Fax: (206) 682-2992
kstephens@tousley.com
cshiel@tousley.com

Benjamin H. Richman, *pro hac vice forthcoming*
Ari J. Scharg, *pro hac vice forthcoming*
Benjamin Thomassen, *pro hac vice forthcoming*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
brichman@edelson.com
ascharg@edelson.com
bthomassen@edelson.com

Kevin Tucker (He/Him), *pro hac vice forthcoming*
Kevin Abramowicz (He/Him), *pro hac vice forthcoming*
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
Fax. (412) 626-7101
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com

CLASS ACTION COMPLAINT – Page 11
USDC WD WA NO. _____

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992